```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

RE/MAX, LLC,

      Plaintiff,
v.                                    Case No. 8:14-cv-419-T-33TGW

PROPERTY PROFESSIONALS OF TAMPA
BAY, INC. and MICHAEL CARRIGAN,

      Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Re/Max, LLC's Motion to Strike Defendants' Answer (Doc. # 13), which was filed on April 1, 2014. Neither Defendant responded to the Motion to Strike, and the time for submitting a response to the Motion has now expired. The Court grants the Motion as an unopposed Motion as follows.

## Discussion

On February 19, 2014, Re/Max, LLC filed a five count, fifteen page Complaint against Property Professionals of Tampa Bay, Inc. and Michael Carrigan seeking injunctive and monetary relief for trademark infringement and unfair competition under the Lanham Act as well as for violations of Florida law. (Doc. # 1).

Re/Max filed return of service documents demonstrating that it perfected service of process on both Defendants on March 3,

2014. (Doc. ## 11, 12). On March 10, 2014, Carrigan filed a one page pro se "Answer to Complaint" stating as follows:

1. While my sign is similar to re/max, it is different, the size of my red, white and blue stripes are different, I have a light house on my sign, my name and my phone number
2. In the years that I have had this sign I have never had anyone confuse it with a re/max sign
3. I have one sign that is similar and that sign has been taken from my listing, so I do not have any red, white and blue signs
4. I think this law suit is a complete waste of time, so if re/max wants a jury trial, let them waste their time

(Doc. # 10).

At this juncture, Re/Max seeks an Order striking Carrigan's Answer as non-responsive to the Complaint and also seeks a finding that Carrigan's pro se Answer does not constitute an Answer on behalf of Property Professionals of Tampa Bay, Inc.

Rule 12(f) of the Federal Rules of Civil Procedure states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, under Rule 8(b) of the Federal Rules of Civil Procedure, there are three ways in which a defendant can respond to the allegations of a complaint: "the party can admit the allegation; deny the allegation; or explain that it is without sufficient knowledge to admit or deny the allegation." Clarendon Am. Ins. Co. v. All Bros. Painting, No. 6:13-cv-934-Orl-22DAB,

2

2013 U.S. Dist. LEXIS 157668, at *7-8 (M.D. Fla. Nov. 4, 2013). "Under Fed. R. Civ. P. 12(f), a court may, upon motion of the opposing party, strike from any pleading any insufficient defense." Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 779 (11th Cir. 1982).

Here, the Court agrees that Carrigan's pro se Answer is unresponsive to the Complaint and constitutes an insufficient defense. Rather than responding to the forty-two numbered paragraphs of the Complaint, Carrigan filed a four paragraph submission, which failed to address Re/Max's Complaint allegations. The Court therefore strikes the Answer pursuant to Rule 12(f), Fed. R. Civ. P.

In addition, the Court notes that Carrigan is not permitted to file an answer or any other submission on behalf of Property Professionals of Tampa Bay, Inc. As a corporation, Property Professionals of Tampa Bay, Inc. cannot appear pro se in this Court and must be represented by an attorney. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6

3

(M.D. Fla. Mar. 19, 2010)("[A] corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings."); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008)("Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits.")(internal citations omitted).[1] In the event that Property Professionals of Tampa Bay, Inc. files any document, including an answer, without the assistance of counsel, the Court will be inclined to strike that submission.

Although the Court has stricken the pro se Answer after finding that it failed to comply with Rule 8, Fed. R. Civ. P., and after determining that it constituted an insufficient defense to the Complaint, the Court provides Defendants with another opportunity to respond to the Complaint, until and including May 15, 2014. In the event that either of the Defendants fails to respond to the Complaint by May 15, 2014, Re/Max may file a Motion requesting that the Clerk enter a default pursuant to Rule 55 of the Federal Rules of Civil Procedure.

---

[1] Carrigan, an individual, is free to participate in this action without the assistance of counsel.

4

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Re/Max, LLC's Motion to Strike Defendants' Answer (Doc. # 13) is **GRANTED**.

(2) Michael Carrigan's pro se Answer (Doc. # 10) is **STRICKEN** and the Clerk is directed to remove it from the docket.

(3) Property Professionals of Tampa Bay, Inc. is not permitted to appear in this action without the assistance of counsel.

(4) Defendants have until and including **May 15, 2014**, to file responses to the Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

5