```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

RE/MAX, LLC,

        Plaintiff,
v.                            Case No. 8:14-cv-419-T-33TGW

PROPERTY PROFESSIONALS OF TAMPA
BAY, INC., and MICHAEL CARRIGAN,

        Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff Re/Max, LLC's Motion for Default Judgment (Doc. # 28), which was filed on June 30, 2014. Re/Max supported the Motion with the Declaration of John C. Heuton, Esq. (Doc. # 29), which was filed on June 30, 2014. The Court grants the Motion.

## I. Background

Re/Max owns Trademarks No. 1,702,048, 1,691,854, and 1,720,592. (Doc. # 1 at ¶ 11) and uses its trademarks "on a wide variety of advertising media" in the real estate industry. (Id. at ¶ 13). Re/Max contends that Defendants Property Professionals of Tampa Bay, Inc. and Michael Carrigan "[h]ave been using, in conjunction with real estate services, red-over-white-over-blue signs that are confusingly similar to the Re/Max Marks." (Id. at ¶ 16). On February 19, 2014, Re/Max filed its Complaint against Defendants asserting the

following counts: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) Florida common law trademark infringement; (4) unfair competition under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201; and (5) unfair competition under Florida common law. (Doc. # 1).

Both Defendants were served with the summons and Complaint on March 3, 2014. (Doc. ## 11, 12). On March 10, 2014, Carrigan filed a one page pro se "Answer to Complaint" (Doc. # 10); however, that document was not at all responsive to the detailed Complaint allegations. On April 1, 2014, Re/Max moved to strike Carrigan's pro se answer (Doc. # 13). The Court granted the motion to strike on April 22, 2014, as an unopposed motion, after neither Defendant responded. (Doc. # 14). Although the Court granted the motion to strike, the Court provided Defendants with an additional opportunity, until and including May 15, 2014, to respond to the Complaint. (Doc. # 14 at 4). Neither Defendant took advantage of the opportunity to respond to the Complaint. On May 21, 2014, Re/Max applied to the Clerk for entry of default pursuant to Rule 55(a). (Doc. # 20). The Clerk entered its Default as to Property Professionals of Tampa Bay, Inc. on May 22, 2014 (Doc. # 22), and thereafter entered its Default as to Michael

Carrigan on May 29, 2014. (Doc. # 23).

At this juncture, Re/Max requests a Default Judgment and an award of attorneys' fees as against Defendants.

## II. **Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled

allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. **Analysis**

Based upon the Clerk's Entry of Default as to each Defendant, the well-pled factual allegations contained in the Complaint, and the Motion, the Court determines that a Default Judgment is warranted including injunctive relief and the payment of attorneys' fees.  The Court further determines that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment.

#### A.   **Injunctive Relief**

The Court enjoins Defendants and any principals, agents, servants, employees, successors, and assigns of Defendants and all those in privity, concert, or participating with Defendants from:

(1) manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any material using any design/trade dress featuring the colors red, white, and blue or colors similar thereto in a three or more bar horizontal bar design (including by virtue of the attachment of riders to an otherwise two-bar horizontal bar design), specifically, and without limitation, those

4

        photographs depicted on page 8 of Re/Max's Motion for Default Judgment;

(2) imitating, copying, duplicating, or otherwise making any use of the Re/Max Marks, or any mark confusingly similar to the distinctiveness of the Re/Max Marks, including but not limited to any mark that contains the suffix "MAX" or any syllable similar to it;

(3) using any unauthorized copy or colorable imitation of the Re/Max Marks in such fashion as is likely to relate or connect Defendants with Re/Max or the Re/Max Network;

(4) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants are sponsored, endorsed, connected with, approved, or authorized by Re/Max;

(5) causing likelihood of confusion or injury to Re/Max's business reputation and to the distinctiveness of the Re/Max Marks by unauthorized use of a confusingly similar sign design;

(6) engaging in any other activity constituting unfair competition or infringement of the Re/Max Marks or Re/Max's rights in, or to use, or to exploit the same;

and

(7) assisting, aiding, or abetting another person or business entity in engaging or preforming any of the activities enumerated in subparagraphs (1) through (6) above.

In addition, the Court Orders Defendants, and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants who receive actual notice of this Order, to deliver up all signs, articles, promotional, advertising, and other printed materials of any kind bearing the Re/Max Marks or any mark confusingly similar to or dilutive of the distinctiveness of the Re/Max Marks to counsel for Re/Max within **twenty days** of the date of this Order.

### B. <u>Attorneys' Fees</u>

The Court determines that it is appropriate to award Re/Max its attorneys' fees pursuant to the fee-shifting provision under Section 501.2105 of the Florida Deceptive and Unfair Trade Practices Act in the total amount of $14,735.35. The Court arrives at this sum after considering the Declaration of John C. Heuton, Esq. (Doc. # 29), explaining that the following attorneys dedicated 48.6 hours to the prosecution of this case as delineated below:

| Attorney | Rate | Hours | Fee |
|---|---:|---:|---:|
| John Heuton | $300.00 | 31.7 | $9,510.00 |
| David Kellis | $275.00 | 3.6 | $990.00 |
| John Posthumus | $333.34 | 2.5 | $833.35 |
| Jason Baruch | $315.00 | 10.8 | $3,402.00 |
| | | 48.6 | $14,735.35 |

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Re/Max, LLC's Motion for Default Judgment (Doc. # 28) is **GRANTED.**

(2) The Clerk is directed to enter a Default Judgment in favor of Re/Max, LLC and against Property Professionals of Tampa Bay, Inc. and Michael Carrigan in the amount of $14,735.35.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of July, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record